IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY MAGUIRE HATFIELD,
aka McGuire,

        Plaintiff,        No.  03:12-cv-00883-AC

    v.

OREGON DEPARTMENT OF        ORDER
CORRECTIONS, and LT. FROST,

        Defendants.

HERNANDEZ, District Judge:

        Magistrate Judge Acosta issued a Findings and Recommendation (#30) on May 9, 2013, in which he recommends that this Court grant Defendants' motion for summary judgment. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

        No objections to the Magistrate Judge's Findings and Recommendation were timely filed. As a result, I am relieved of my obligation to review the record *de novo*. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see also United States v. Bernhardt, 840 F.2d 1441, 1444 (9th Cir. 1988) (*de novo* review required only for portions of Magistrate Judge's

1 - ORDER

report to which objections have been made).

Having reviewed the legal principles *de novo*, I conclude that the Findings & Recommendation contains legal error.  As a result, I decline to adopt the Findings & Recommendation as further explained below.  Moreover, since the filing of the Findings & Recommendation, counsel has been appointed for Plaintiff.  While some relevant facts are contained within the Complaint and its exhibits, further development of the record by counsel in response to the motion for summary judgment would be beneficial to the Court.  Thus, as further outlined below, I order Plaintiff's counsel to file a supplemental response to Defendants' summary judgment motion addressing the merits of the Eighth Amendment claim.  I allow Defendant to file a reply to the supplemental response.  I will then reconsider the arguments and evidence addressing the Eighth Amendment claim.

Magistrate Judge Acosta first discussed Defendants' argument that Plaintiff's claim is barred by the Eleventh Amendment.  Magistrate Judge Acosta set out the controlling legal principles, including that the Eleventh Amendment bars suits in federal court brought against state agencies and that this immunity extends to suits against state officials who are sued for damages in their official capacities.  May 9, 2013 Findings & Rec. at 6.  He also correctly stated that the Eleventh Amendment does not bar suits for damages against state officials who are sued in their personal capacities.  Id.  Additionally, he correctly concluded that Plaintiff's claim against the Oregon Department of Corrections was barred.  Id. at 7.

Magistrate Judge Acosta erred, however, in concluding that Plaintiff's claim against Lieutenant Frost was barred because Lieutenant Frost's alleged conduct of ordering Plaintiff to the top bunk occurred in the scope of her employment and thus, was a claim against her in her

2 - ORDER

official capacity. Id. at 7-8. The phrase "acting in their official capacities" refers "to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." Hafer v. Melo, 50-2, U.S. 21, 26 (1991). The Supreme Court has noted that the distinction between personal and official capacity suits has "confuse[d] lawyers and confound[ed] lower courts[.]" Kentucky v. Graham, 473 U.S. 159, 165 (1985). As the Court explained, personal capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law" while official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." Id. (internal quotation marks omitted).

While the distinction may be confusing, it is important because if a plaintiff brings a claim against a state official in his or her personal capacity, the fact that the conduct occurred within the scope of the official's employment or pursuant to official duty is not relevant to determining whether Eleventh Amendment immunity bars the claim. Suever v. Connell, 579 F.3d 1047, 1060 (9th Cir. 2009) (Eleventh Amendment not implicated in personal capacity claim because claim is "truly against the individual, not the State" and claim "does not turn on whether the state official acted within his or her authority or outside of it"). Thus, the conclusion that Lieutenant Frost issued the top-bunk order within the scope of her employment is of no consequence to the application of Eleventh Amendment immunity.

Moreover, the Ninth Circuit presumes "that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued." Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999); see also Cerrato v. S.F. Cmty. Coll. Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994) (a section 1983 suit for damages against state officials necessarily implies a suit against those

3 - ORDER

officials in their individual or personal capacities).

Under the applicable law, Plaintiff's claim is presumed to be a claim for damages brought against Lieutenant Frost in her individual or personal capacity and thus, it is not barred by the Eleventh Amendment.

As to the Eighth Amendment claim, I do not adopt Magistrate Judge Acosta's finding that Plaintiff faced a limited risk of harm in contrast to the plaintiff in McDonald v. Yates, No. 1:09-cv-00730-LJO, 2012 WL 6514658 (E.D. Cal. Dec. 13, 2012). May 9, 2013 Findings & Rec. at 11. Although a top-bunk assignment may create a more obvious risk of harm to an inmate with a seizure disorder than to Plaintiff in this case, Plaintiff has alleged that he has injuries to both knees, weighs 330 pounds, is 54 years old, and uses a CPAP machine. Compl. at 4; Ex. 1 to Compl. at 2. With these facts in the record, I cannot agree with Magistrate Judge Acosta's finding that Plaintiff faced a limited risk of harm from the top bunk assignment and thus, cannot adopt his conclusion that as a matter of law, no constitutional violation occurred.

At this point, the best course is to allow Plaintiff's counsel to further develop the record regarding the Eighth Amendment claim and re-brief the arguments raised by Defendant as to that claim.[1] Thus, I order Plaintiff to file a supplemental response to the motion for summary judgment within sixty days of the date of this Order. I allow Plaintiff this period of time in consideration of the fact that counsel was appointed only recently and likely need to communicate with their client. Defendant is given twenty-one days after Plaintiff's supplemental response to file a reply. The motion will be taken under advisement after the reply is filed.

---

[1] Magistrate Judge Acosta declined to analyze the qualified immunity once he determined that no constitutional violation occurred. This issue should also be addressed in the supplemental briefing.

4 - ORDER

CONCLUSION

The Court DOES NOT ADOPT Magistrate Judge Acosta's Findings & Recommendation [30]. Consistent with this Order, Defendants' motion for summary judgment [23] is to be reconsidered following supplemental briefing as outlined herein.

IT IS SO ORDERED.

DATED this  23  day of  Sept , 2013.

                                                      MARCO A. HERNANDEZ
                                                     United States District Judge